**UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WISCONSIN**

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

- [✓] May 19, 2025 — Original Plan
- [ ] _____ — Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
- [ ] _____ — Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

**Debtor:** Lisa A Clarkin        **SSN:** xxx-xx-**xxx-xx-8036**        **Case Number:** _____
**Joint Debtor:** _____       **SSN:** xxx-xx-_____

## I. Notices

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

**To All Parties:** This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

| Item | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ✓ | |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | | ✓ |
| Nonstandard provisions, set out in Section VII | | ✓ |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

## II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

**A. Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

  1. $ **515.00** for **36** months;

The total amount of estimated payments to the trustee: **$18,540.00**

**B. Debtor(s)' Attorney's Fee:**   [ ] None   [ ] Pro Bono

Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.

| Total Fees: $4,500.00 | Total Paid: $0.00 | Balance Due: $4,500.00 |
|---|---|---|
| Payable _____ /month (Months ____ to ____ ) | | |

## III. Treatment of Secured Claims

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim.

If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.

If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

A.  **Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

   **The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

   The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

B.  **Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).

   The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004. If the interest rate is left blank, the trustee will not pay interest on the arrearage. The installment payments will be paid as indicated below.

   Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

C.  **Valuation of Collateral**: ☐ NONE

   The debtor requests that the court determine the allowed value of the secured claims listed below.

☑ A SEPARATE MOTION WILL BE FILED AND SERVED UPON YOU PURSUANT TO BANKRUPTCY RULE 7004.

☐ AS PROVIDED IN RULE 3012, THE DEBTOR REQUESTS THAT THE VALUE FOR each secured claim *BELOW* should be the *Amount of Secured Claim* set forth below. The Amount of Secured Claim will be paid in full with interest at the rate stated below. If the total amount of the proof of claim is less than the *Amount of Secured Claim* below, the lower amount listed on the proof of claim is allowed and will be paid in full. If no interest is stated below, the proof of claim controls the interest rate. If no interest rate is listed in the plan or proof of claim, then no interest will be paid.

   IF A CREDITOR LISTED BELOW OBJECTS TO THE PROPOSED
   VALUATION, AN OBJECTION MUST BE FILED ON OR BEFORE: ____

   The portion of any allowed claim that exceeds the *Amount of Secured Claim* will be treated as an unsecured claim under section V of this plan. The allowed amount of the creditor's total claim listed on the proof of claim controls over the *Estimated amount of creditor's total claim* listed below.

   The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

   1. **REAL PROPERTY:** ☑ NONE

   2. **VEHICLE(S):** ☐ NONE

Debtor(s): **Lisa A Clarkin**                                                                 Case number:

| 1. | Creditor: | **OneMain Financial** | Estimated amount of creditor's total claim: | | **Payment** | |
|---|---|---|---|---|---|---|
| | Address: | **Attn: Bankruptcy; Po Box 142; Evansville, IN 47701** | Value of Collateral: | **$7,775.00** | | |
| | | | Amount of claims senior to creditor's claim: | **$0.00** | | |
| | | | Amount of Creditor's Lien: | **$18,644.00** | Est. total paid in plan: | **$9,173.57** |
| | Account No.: | **xxxxxxxxxxxx3839** | Interest Rate: | **9.00%** | Adequate Protection Payment: | |
| | VIN: | | | | Equal Monthly Payment: | ** |
| | Description of Collateral: **2017 Chrysler Pacifica 123000 miles Value per KBB** | | | | **Secured claim to be paid pro-rata by the Trustee at 9% interest** | |

**3. PERSONAL PROPERTY:** ☐ NONE

| 1. | Creditor: | **Wisconsin Department of Revenue** | Estimated amount of creditor's total claim: | | **Payment** | |
|---|---|---|---|---|---|---|
| | | | Value of Collateral: | **$1,675.00** | Total paid in plan: | **$2,005.00** |
| | Address: | **Special Procedures Unit; PO Box 8901; Madison, WI 53708** | Amount of claims senior to creditor's claim: | **$0.00** | Adequate Protection Payment: | |
| | | | Amount of Creditor's Lien: | **$17,500.00** | Equal Monthly Payment: | ** |
| | Account No.: | | Interest Rate: | **12.00%** | | |
| | Description of Collateral: **Furniture, household goods, linens, kitchenware, misc. household items and all other personal property** | | | | **Secured claim to be paid pro-rata by the Trustee at 12% interest** | |

**D.     LIEN AVOIDANCE** ☑ NONE

**E.     SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☑ NONE

### IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4))

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

**A.     PRIORITY TAX CLAIMS:** ☑ NONE

**B.     DOMESTIC SUPPORT OBLIGATION(S):** ☑ NONE ☐ CURRENT AND PAID OUTSIDE

**C.     OTHER:** ☑ NONE

### V. Treatment of Unsecured Nonpriority Creditors

**A.** Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C. SEPARATELY CLASSIFIED:** ☑ NONE

**VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☑ NONE

**VII. Non-Standard Plan Provisions**

☑ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Lisa A Clarkin | Debtor | **May 19, 2025** |
|---|---|---|
| **Lisa A Clarkin** | | Date |

| /s/ Greg P. Pittman | | **May 19, 2025** |
|---|---|---|
| **Greg P. Pittman 1073787** | | Date |
| Attorney with permission to sign on Debtor(s)' behalf | | |

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**