UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:  Lisa A. Clarkin,                                              Case No. 25-11173-13

    Debtor.

---

TRUSTEE'S OBJECTION TO ORIGINAL CHAPTER 13 PLAN

---

Mark Harring, Standing 13 Trustee, by his attorney, continues to object to confirmation of the Debtor's Original Chapter 13 Plan filed as Doc. #3 on 5/20/2025, and states as follows:

1. The Trustee filed an objection to the Plan on 6/26/2025 indicating our office needed additional information regarding significant ($322,000) gambling proceeds received in 2021 and how they were spent, in order to evaluate any preference or transfer issues. At the time of filing, Debtor disclosed only $575 in depository accounts.

2. At the hearing on 7/29/2025, the Court ordered the Debtor to provide an accounting of the gambling proceeds, and sale proceeds from real estate (Doc. #26).

3. The debtor provided our office a hand-written itemization with the following:

| EXPENSE | AMOUNT | DATE |
|---|---|---|
| Home purchase (Hellwig Lane) | $182,000 | 8/31/2021 |
| Home remodel | $40,000 | 9/2021 |
| Wedding | $10,500 | 9/16/2021 |
| Honeymoon | $7,000 | 9/21/2021 |
| Loan to friend | $1,000 | 8/2021 |
| Paid business expenses of Non-filing Spouse ("NFS") | $20,000 | 9/2021 |
| Purchase of truck and trailer for NFS's business | $15,000 | 7/2021 |
| Purchase of tools and supplies for NFS's business | $15,000 | 7/2021 |
| Trips, shopping, life expenses | No amount provided (potentially up to $31,500 of the remaining balance) | 6/2021 |

4. Debtor's petition was filed on 5/20/2025. Under 11 U.S.C. § 544, and Wisconsin's fraudulent transfer statute (Wis. Stat. Ch. 242), the look back period is up to four years. Transfers made on or after 5/20/2021, are subject to avoidance.

5. Debtor then sold her Hellwig Lane home in March 2023, with estimated net proceeds of $170,000[1]. The debtor indicates she spent the home sale proceeds as follows:

| EXPENSE | AMOUNT | DATE |
|---|---|---|
| Paid rent for 1 year | $20,800 | 2/2023 |
| Purchase of van | $21,000 | 7/6/2023 |
| Purchase of truck for NFS | $12,000 | 5/6/2023 |
| Paid to NFS's business | $29,000 | 3/2023 |
| Repaid family/friend | $8,000 | 3/2023 |
| Attorney fees for NFS | $9,000 | 3/2023 |
| Debt repayment | $4,000 | 3/2023 |
| Unaccounted for proceeds | **$66,200** | |

6. Debtor's counsel indicated the remaining expenses were used to cover day-to-day expenses for the household.

7. We demand the debtor provide documentation regarding the net sales proceeds received from the home sale.

8. The Trustee believes there are transfers of a total of $79,000 given to NFS's business, $12,000 paid to NFS for his truck, and the $8,000 repayment to family/friend, that are fraudulent transfers or an avoidable preference.

9. The debtor's plan is projected to only pay $6,749.76 to unsecured creditors. This amount is significantly less than would be required under the best interests of creditors test.

10. The Trustee requests a hearing on confirmation of Debtor's plan be scheduled.

Dated: September 11, 2025

Standing Chapter 13 Trustee

By: /s/ *Kristin Beilke*
Kristin Beilke,
Attorney for Trustee
122 W. Washington Ave., Suite 500
Madison, WI  53703-2758
(608) 256-4320

---

[1] Online records indicate the home sold for $210,000. The Trustee requested documentation regarding the sale to support the stated net proceeds, but has yet to receive any.