UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WISCONSIN

## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ Original Plan
☑ **November 11, 2025** Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

Debtor: **Lisa A Clarkin**          SSN: xxx-xx- **xxx-xx-8036**          Case Number: 25-11173
Joint Debtor: _____          SSN: xxx-xx- _____

### I. Notices

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

To All Parties: This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section VII | ☐ Included | ☑ Not included |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

### II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

A. **Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

   1. $ **515.00** for **60** months;

   The total amount of estimated payments to the trustee: **$30,900.00**

B. **Debtor(s)' Attorney's Fee:**   ☐ None  ☐ Pro Bono

Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.

| Total Fees: **$4,500.00** | Total Paid: **$0.00** | Balance Due: **$4,500.00** |
|---|---|---|
| Payable _____ /month (Months _____ to _____ ) | | |

### III. Treatment of Secured Claims

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim.

Debtor(s): **Lisa A Clarkin**                                                                                           Case number:

If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.

If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility. If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

A. **Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

**The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

B. **Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).

The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004. If the interest rate is left blank, the trustee will not pay interest on the arrearage. The installment payments will be paid as indicated below.

Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

C. **Valuation of Collateral:** ☐ NONE

The debtor requests that the court determine the allowed value of the secured claims listed below.

☑ A SEPARATE MOTION WILL BE FILED AND SERVED UPON YOU PURSUANT TO BANKRUPTCY RULE 7004.

☐ AS PROVIDED IN RULE 3012, THE DEBTOR REQUESTS THAT THE VALUE FOR each secured claim *BELOW* should be the *Amount of Secured Claim* set forth below. The Amount of Secured Claim will be paid in full with interest at the rate stated below. If the total amount of the proof of claim is less than the *Amount of Secured Claim* below, the lower amount listed on the proof of claim is allowed and will be paid in full. If no interest is stated below, the proof of claim controls the interest rate. If no interest rate is listed in the plan or proof of claim, then no interest will be paid.

IF A CREDITOR LISTED BELOW OBJECTS TO THE PROPOSED
VALUATION, AN OBJECTION MUST BE FILED ON OR BEFORE: ____

The portion of any allowed claim that exceeds the *Amount of Secured Claim* will be treated as an unsecured claim under section V of this plan. The allowed amount of the creditor's total claim listed on the proof of claim controls over the *Estimated amount of creditor's total claim* listed below.

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

1. **REAL PROPERTY:** ☑ NONE
2. **VEHICLE(S):** ☐ NONE

Debtor(s): **Lisa A Clarkin**    Case number:

| 1. | Creditor: | **OneMain Financial** | Estimated amount of creditor's total claim: | | **Payment** | |
|---|---|---|---|---|---|---|
| | Address: | Attn: Bankruptcy; Po Box 142; Evansville, IN 47701 | Value of Collateral: | $7,775.00 | | |
| | | | Amount of claims senior to creditor's claim: | $0.00 | | |
| | | | Amount of Creditor's Lien: | $18,644.00 | Est. total paid in plan: | $9,173.57 |
| Account No.: | xxxxxxxxxxxx3839 | | Interest Rate: | 9.00% | Adequate Protection Payment: | |
| VIN: | | | | | Equal Monthly Payment: | ** |
| Description of Collateral: 2017 Chrysler Pacifica 123000 miles Value per KBB | | | | | **Secured claim to be paid pro-rata by the Trustee at 9% interest** | |

3. **PERSONAL PROPERTY:** ☐ NONE

| 1. | Creditor: | **Wisconsin Department of Revenue** | Estimated amount of creditor's total claim: | | **Payment** | |
|---|---|---|---|---|---|---|
| | Address: | Special Procedures Unit; PO Box 8901; Madison, WI 53708 | Value of Collateral: | $1,675.00 | Total paid in plan: | $2,005.00 |
| | | | Amount of claims senior to creditor's claim: | $0.00 | Adequate Protection Payment: | |
| | | | Amount of Creditor's Lien: | $17,500.00 | Equal Monthly Payment: | ** |
| Account No.: | | | Interest Rate: | 12.00% | | |
| Description of Collateral: Furniture, household goods, linens, kitchenware, misc. household items and all other personal property | | | | | **Secured claim to be paid pro-rata by the Trustee at 12% interest** | |

**D.    LIEN AVOIDANCE** ☑ NONE

**E.    SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☑ NONE

## IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4))

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

**A.    PRIORITY TAX CLAIMS:** ☑ NONE

**B.    DOMESTIC SUPPORT OBLIGATION(S):** ☑ NONE ☐ CURRENT AND PAID OUTSIDE

**C.    OTHER:** ☑ NONE

## V. Treatment of Unsecured Nonpriority Creditors

Debtor(s): **Lisa A Clarkin**                                             Case number:

A. Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. <u>**SEPARATELY CLASSIFIED:**</u> ☑ NONE

**VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☑ NONE

**VII. Non-Standard Plan Provisions**

☑ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Lisa A Clarkin | Debtor | November 11, 2025 |
|---|---|---|
| **Lisa A Clarkin** | | Date |

| /s/ Greg P. Pittman | | November 11, 2025 |
|---|---|---|
| **Greg P. Pittman 1073787** | | Date |
| Attorney with permission to sign on Debtor(s)' behalf | | |

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re: LISA CLARKIN

Chapter 13
Case No.: 25-11173

# REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan amendment, together with the amended Western Wisconsin Local Form 3015-1.1.

3. Designate one of the following:

    [X]  A copy of this proposed amendment has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

    ___  A motion requesting limited service is being filed simultaneously with the Court.

4. I request the following amendment of the Chapter 13 Plan filed with the Court:

    Plan is amended to change plan from 36 months to 60 months

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

Local Form No. 3015-1.2    12/01/2017

## UNITED STATES BANKRUPTCY COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **In Re:** | **In Bankruptcy No:** |
| **LISA CLARKIN** | |
| Debtor. | Case No: 25-11173 (Chapter 13) |

### NOTICE OF AMENDED CHAPTER 13 PLAN

**PLEASE TAKE NOTICE**, that the debtor, Lisa Clarkin, by her attorneys, PITTMAN & PITTMAN LAW OFFICES, LLC by Greg P. Pittman, has filed an Amended Chapter 13 Plan. A copy of said Amended Plan is attached thereto.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to approve said motion, or if you want the Court to consider your views on the motion, then on or before *December 2, 2025,* you or your attorney must file with the Court, in writing, your position in said matter and request a hearing and file your original document with the *United States Bankruptcy Court, 120 N. Henry St., RM 340, Madison, WI 53703* and a copy to *Greg P. Pittman, 712 Main Street, La Crosse, Wisconsin 54601.* If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought by the motion and may enter an order granting that relief.

Dated this __11th__ day of November 2025, at La Crosse, Wisconsin.

**PITTMAN & PITTMAN LAW OFFICES, LLC**

By: s/Greg P. Pittman
Greg P. Pittman
Attorney No: 1073787
Attorney for Debtor
712 Main Street
La Crosse, WI 54601
(608) 784-0841

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: | In Bankruptcy No: |
| **LISA CLARKIN** | |
| Debtor. | Case No: 25-11173 (Chapter 13) |

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF WISCONSIN     )
                       ) SS
COUNTY OF LA CROSSE    )

The undersigned being first duly sworn states that a true copy of *Request to Amend Unconfirmed Chapter 13 Plan, Notice of Amended Plan and Amended Chapter 13 Plan dated November 11, 2025* was served upon the individuals on attached list either by electronic filing or by enclosing the same in an envelope postpaid for first class handling which bore the sender's name and return address and addressed to each such individual at their respective post office addresses and deposited in a U.S. Post Office depository in La Crosse, Wisconsin on November __11__, 2025.

s/Wanda Nickelotti
**Wanda Nickelotti**

**Subscribed and sworn to before me
this __11th__ day of November, 2025.**

s/Greg P. Pittman
**Greg P. Pittman, Notary Public
My Commission is permanent.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0758-1<br>Case 1-25-11173-cjf<br>Western District of Wisconsin www.wiwb.uscour<br>Eau Claire<br>Tue Nov 11 15:28:48 CST 2025 | CREDIT BUREAU DATA INC<br>518 STATE ST<br>LA CROSSE, WI 54601-3326 | Lisa A Clarkin<br>2118 32nd St. S.<br>La Crosse, WI 54601-7044 |
| Gundersen Health System<br>1900 South Ave.<br>La Crosse, WI 54601-5496 | (p)MARK HARRING<br>ATTN STANDING TRUSTEE<br>122 WEST WASHINGTON AVENUE SUITE 500<br>MADISON WI 53703-2758 | IRS - Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | (p)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 142<br>Evansville, IN 47701-0142 |
| OneMain Financial Group, LLC<br>PO Box 3251<br>Evansville, IN 47731-3251 | Greg P. Pittman<br>Pittman & Pittman Law Offices, LLC<br>712 Main Street<br>La Crosse, WI 54601-4121 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>Credit Corp Solutions Inc<br>PO Box 788<br>Kirkland, WA 98083-0788 | William Ross<br>3829 Cliffside Dr<br>La Crosse, WI 54601-2315 | Secretary of Treasury<br>Treasury Department<br>1500 Pennsylvania Avenue N.W.<br>Washington, DC 20220-0001 |
| Securities and Exchange Commission<br>175 West Jackson Boulevard<br>Suite 900<br>Chicago, IL 60604-2908 | U.S. Trustee's Office<br>780 Regent Street, Suite 304<br>Madison, WI 53715-1292 | Wisconsin Department of Revenue<br>Special Procedures Unit<br>P.O. Box 8901<br>Madison, WI 53708-8901 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Mark Harring<br>122 West Washington Ave.<br>Suite 500<br>Madison, WI 53703-2578 | Mohela<br>Attn: Bankruptcy<br>633 Spirit Dr<br>Chesterfield, MO 63005 | Portfolio Recovery Associates<br>PO Box 12914<br>Norfolk, VA 23541 |

(d)US Department of Education/MOHELA
633 Spirit Dr.
Chesterfield, MO 63005

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

End of Label Matrix
Mailable recipients    17
Bypassed recipients     1
Total                  18